IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC.,
SIERRA CLUB,
WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC. and
VIRGINIA RIVERS COALITION,

                    Plaintiffs,

v.                                CIVIL ACTION NO.   3:15-0271

GINA MCCARTHY, Administrator,
United States Environmental Protection Agency and
SHAWN M. GARVIN, Regional Administrator,
United States Environmental Protection Agency,
Region III,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

       Pending in this administrative review action is a motion to supplement the administrative record and for discovery brought by Plaintiffs Ohio Valley Environmental Coalition, Inc. ("OVEC"), Sierra Club, West Virginia Highlands Conservancy, and Virginia Rivers Coalition. ECF No. 45. For the following reasons, the Court **GRANTS** Plaintiffs' request to supplement the record but **DENIES** Plaintiffs' request for discovery.

**I.      Background**

       The instant administrative record dispute arises in the context of OVEC and other environmental groups' claims against Defendant Environmental Protection Agency ("EPA") for failing to perform a non-discretionary duty under the Clean Water Act ("CWA" or "the Act") to reject the West Virginia Department of Environmental Protection's ("WVDEP") decision to not

develop Total Maximum Daily Loads ("TMDLs") for certain West Virginia streams previously identified as "biologically impaired" due to "ionic stress." *See Ohio Valley Envtl. Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 14 (S.D.W. Va. 2015) (providing relevant background information).

After the Complaint was filed, Plaintiffs and Defendants conferred pursuant to Federal Rule of Civil procedure 26(f). The Parties stipulated their claims and defenses presented questions that would be resolved on the basis of the administrative record of agency actions or inactions. Joint Report of Rule 26(f) Conference 2, ECF No. 25. Accordingly, the Parties agreed "discovery is not appropriate[,] and this case should be resolved through the filing of cross-motions for summary judgment." *Id.* The Parties then proposed a schedule of staggered, cross-motions for summary judgment to resolve the entire case, *id.*, which the Court granted, ECF No. 26. Plaintiffs filed their motion for summary judgment on November 30, 2015. ECF No. 30.

On February 19, 2016, EPA supplemented the administrative record with documents that included West Virginia's 2014 Section 303(d) List. ECF No. 40. The 2014 Section 303(d) List was submitted to EPA by WVDEP after the Complaint was filed in the instant matter, but EPA understood its inclusion in the administrative record was necessary pursuant to case law. *See* Defs.' Opp. to Pls.' Mot. to Supp. and for Discov. 3, ECF No. 48. In the 2014 Section 303(d) List, WVDEP declared the waters at issue in this case are biologically impaired due to ionic toxicity. *See id.* Ionic toxicity TMDLs for those waters were not included in the 2014 Section 303(d) List, however, because—according to WVDEP—the state agency purportedly lacks authority to use the present assessment methodology to develop ionic toxicity TMDLs. *See id.* at 3, 6, 9. WVDEP's purported lack of authority stems from its interpretation of West Virginia Senate Bill 562 ("SB 562"), a 2012 state legislative enactment requiring WVDEP to develop a new assessment methodology for setting ionic toxicity TMDLs. *Id.* at 3, 6, 9. According to WVDEP, before it can

set ionic toxicity TMDLs for waterbodies at issue in this case, it must first develop a new assessment methodology and obtain approval from the West Virginia legislature for that methodology. *Id.* at 3, 6, 9. WVDEP included in the 2014 Section 303(d) List projected deadlines for when WVDEP, using a future, approved methodology, will establish ionic toxicity TMDLs for the relevant waterbodies. *Id.* at 3, 6, 9. Depending on the waterbody, WVDEP predicts it will have set ionic toxicity TMDLS for the waterbodies at issue in this case anytime in the years 2020 to 2025. *See id.* at 13–14.

The same day it supplemented the administrative record, EPA filed its consolidated cross-motion for summary judgment and response to Plaintiffs' motion for summary judgment. ECF Nos. 38, 39. In support of their cross-motion for summary judgment, Defendants pointed out that according to WVDEP's interpretation of SB 562, WVDEP purportedly lacks authority to use existing assessment methodology in developing ionic toxicity TMDLs. Memo. in Supp. of Defs.' Mot. for Summ. J. and Resp. to Pl.'s Mot. for Summ. J. 2, ECF No. 39. In short, EPA claims WVDEP did not refuse to submit ionic toxicity TMDLs in its 2014 Section 303(d) List, but instead SB 562 has required a delay in WVDEP setting these TMDLs. *Id.* at 2, 15, 19–20, 29. EPA seems to have deferred to WVDEP's interpretation of this limit on the state agency's statutory authority. *See id.* at 2, 29. Apparently, EPA also credited WVDEP's 2020 to 2025 timeline as a reasonable estimate of the time necessary for developing a new assessment method and setting TMDLs for the waterbodies at issue. *See id.* at 2, 15, 20–21, 29. EPA also characterizes WVDEP's efforts to develop the new assessment methodology as "well underway," despite it taking longer than WVDEP anticipated. *Id.* at 29. EPA's memorandum cites no part of the administrative record in support of EPA's characterization.

After EPA added to the administrative record and moved for summary judgment, Plaintiffs filed the instant motion to supplement the administrative record and for discovery. ECF No. 45. In their motion, Plaintiffs contend the administrative record prepared by Defendants is incomplete and in need of additional information held by EPA. Plaintiffs' motion asks for supplementing the administrative record in two ways and for discovery. First, Plaintiffs ask to add to the administrative record four exhibits attached to Plaintiffs' consolidated memorandum replying in support of their motion for summary judgment and responding to Defendants' motion for summary judgment. Exs. 2–5, ECF Nos. 44-2 through 44-5. Second, Plaintiffs request an order requiring EPA to add to the administrative record any and all documents reflecting correspondence between EPA and WVDEP related to State Bill 562. Lastly, Plaintiffs ask for discovery, specifically depositions of WVDEP personnel seeking information about WVDEP's efforts to comply with SB 562 and WVDEP's deadlines for setting ionic toxicity TMDLs. The Court will next detail the legal standard for Plaintiffs' motion and then consider in turn each of Plaintiffs' requests.

## II.   Legal Standard

Judicial review of agency action is generally confined to the administrative record in existence when the agency made the challenged decision, not some new record made in the reviewing court. *Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335–36 (4th Cir. 1995) (citation omitted); *see also* 5 U.SC. § 706 (review is based on "whole record or those parts of it cited by a party"); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[Administrative] review is to be based on the full administrative record that was before the [agency] at the time [of its] decision"). However, limited circumstances grant district courts discretion to order expansion of the administrative record or to permit discovery in administrative review actions. *Id.* at 1336. Supplementing an agency's proffered administrative record is

appropriate when: (i) it appears the agency relied on documents or materials not in the record, (ii) the agency deliberately or negligently excluded documents that may have been adverse to its decision; (iii) background information is needed to determine whether the agency considered all the relevant factors, or to permit explanation or clarification of technical terms or subject matter; or (iv) the agency so failed to explain administrative action that it frustrates judicial review. *See, e.g.*, *Brandon v. Nat'l Credit Union Ass'n*, 115 F. Supp. 3d 678, 684 (E.D. Va. 2015), *appeal dismissed*, 631 Fed. App'x 176 (4th Cir. 2016) (citations omitted).[1]

## III.    Discussion

Plaintiffs ask to supplement the administrative record, first, with documents attached to their reply in support of summary judgment, and second, with certain correspondence between EPA and WVDEP. Lastly, Plaintiffs seek discovery in the form of depositions of WVDEP staff. The Court considers each request below.

**1.  Supplementing the Record with Documents Attached to Plaintiffs' Motion for Summary Judgment**

First, Plaintiffs ask to add to the administrative record exhibits 2 through 5 attached to Plaintiffs' consolidated reply in support of their motion for summary judgment and in response to

---

[1] Although some circuit courts, along with several district courts in the Fourth Circuit, have applied a "presumption of regularity" to an agency's compilation of an administrative record for review, *see, e.g.*, *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 795 (E.D. Va. 2008); *United States v. Rouseco*, Inc., No. 11-35, 2012 WL 525537, at *3 (E.D.N.C. Feb. 16, 2012), neither the Fourth Circuit nor this district has done so. The presumption of regularity has been applied to final agency decisions, and it also applies to public employees' discharge of their duties. *See Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1368 (4th Cir. 1975) ("There is a presumption of regularity in the performance by a public official of his [or her] public duty. The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.") (citation and internal quotations omitted). Under existing Fourth Circuit precedent, however, applying the presumption of regularity where a challenger contends an administrative record is incomplete for judicial review is an unwarranted extension of the presumption. The challenger in such a case has a simple burden of showing under the relevant standard that circumstances justify supplementing the record or ordering discovery.

Defendants' motion for summary judgment. EPA does not oppose supplementing the record with these four exhibits, though it does not concede the administrative record in this case is incomplete. *See* Defs.' Opp. to Pls.' Mot. to Supp. and for Discov. at 1, 4–5. As explained in Plaintiffs' motion, exhibits 2 through 5 provide background information necessary for this Court's review of EPA's actions challenged in claims one and two of the Complaint. Pl.'s Mot. to Supp. and for Discov. at 3. Accordingly, the Court exercises its discretion to supplement the administrative record in this action with exhibits 2 through 5.

### 2. Supplementing the Record with Correspondence Between EPA and WVDEP

Second, Plaintiffs request an order requiring EPA to supplement the administrative record with any and all documents reflecting correspondence between EPA and WVDEP related to SB 562. Defendants oppose such an order, arguing it amounts to an untimely, overly broad document discovery request that Plaintiffs waived any right to make. Additionally, Defendants claim that their response to Plaintiffs' motion for summary judgment does not provide a basis for supplementing the administrative record with the correspondence at issue.

*A. Plaintiffs' Request to Supplement the Administrative Record is Not a Discovery Request*

As an initial matter, Plaintiffs' request to supplement the record with correspondence between EPA and WVDEP is not a discovery request; it is an unwaived and timely request for an order requiring the agency to supplement the administrative record with materials before the agency at the time of its decision.

In their response to the instant motion, Defendants argue Plaintiffs' request to supplement the administrative record with correspondence is a discovery request, and because Plaintiffs stipulated that discovery is not warranted in this administrative review action, their request is waived. Additionally, because Plaintiffs filed their motion for summary judgment without

objecting to the administrative record as initially proffered by EPA, Defendants contend Plaintiffs'

request to supplement the record is untimely.

Plaintiffs' request to supplement the record is not a document discovery request as

contemplated by the Federal Rules of Civil Procedure. A document request asks the recipient to

send to the requesting party some document discoverable under Federal Rule of Civil Procedure

26. Instead, Plaintiffs ask the Court to order EPA to supplement the administrative record with

materials EPA relied upon (or should have relied upon) when EPA made decisions challenged in

this action. The authority for ordering EPA to supplement the record is not found in Rule 26, but

rather in the Administrative Procedure Act, which states a court reviewing agency action must

make its decision based on the whole record or those parts cited by a party. *See* 5 U.S.C. § 706.

For these reasons, the Court finds Plaintiffs' request to supplement the record with correspondence

between EPA and WVDEP is not a discovery request.

Plaintiffs have not waived their right to have the administrative record supplemented.

Because Plaintiffs' request to supplement the record with correspondence is not a discovery

request, Plaintiffs' stipulation about discovery has no application in analyzing whether EPA must

supplement the administrative record with the correspondence at issue. Therefore, Plaintiffs have

not waived their right, stemming from the Court's obligation to review agency action based on the

whole administrative record, to request supplementation of an incomplete administrative record.

Plaintiffs' request to supplement the administrative record is also timely, for the reasons

offered in Plaintiffs' reply in support of the instant motion. ECF No. 49 at 2–4. First, it would be

manifestly unfair if Defendants could supplement the administrative record during summary

judgment—without the Court's authorization, and in order to support their own motion for

summary judgment—but Plaintiffs could not ask to supplement an allegedly incomplete record

with documents necessary for the Court's review. Second, Defendants first put WVDEP's deadlines for setting TMDLs at issue in this case by indicating—in the consolidated cross-motion for summary judgment and response—that Defendants relied on WVDEP's deadlines and understood that WVDEP's efforts to develop a new assessment methodology were well underway. At that point, and not before, it became apparent that the record was allegedly incomplete; to be complete, the record would need documents supporting EPA's conclusion that WVDEP's TMDL deadlines and efforts in developing a new assessment methodology fulfilled the state agency's requirements under the CWA, and EPA's additional conclusion that EPA could rely on WVDEP's representations in order to meet its own duties under the CWA. Plaintiffs filed the instant motion less than a month after Defendants filed their cross-motion for summary judgment, which is a reasonable response time considering the length of the document and exhibits it relied upon. Accordingly, Plaintiffs' motion to supplement the record with correspondence was timely brought.

## B.   Supplementing the Administrative Record is Warranted

The Court finds it necessary to supplement the record with evidence EPA relied upon, directly or indirectly, in deciding development of a new assessment methodology is "well underway" and in deciding to credit WVDEP's deadlines for developing ionic toxicity TMDLs. A complete administrative record consists of all materials directly or indirectly considered by the agency in making the challenged decision, including evidence contrary to the agency's decision. *Tafas*, 530 F. Supp. 2d at 793 (citations omitted). In defending their statement that development of the assessment methodology is "well underway," Defendants cite several parts of the existing administrative record. *See Resp.* at 8–9.[2]  However, Defendants fail to state these parts of the record

---

[2]  Defendants' Response states:

> [T]he administrative record, taken as a whole, reasonably supports EPA's statement in its memorandum . . . . For example, [WVDEP]

were *in fact* the evidence EPA relied upon when it decided that the 2020–2025 deadlines were

reasonable, that the deadlines made WVDEP compliant with the CWA, and that developing the

new assessment methodology was "well underway." Accordingly, the Court finds the

administrative record is incomplete. The administrative record is devoid of documents EPA

considered in finding WVDEP's 2020-2025 ionic toxicity deadlines and efforts to develop the new

assessment methodology were sufficient to make WVDEP's 2014 Section 303(d) List compliant

with the CWA's requirement that state agencies submit TMDLs for biologically impaired waters.

The administrative record also lacks support EPA relied upon in concluding that WVDEP's efforts

---

> explained in its report submitting 487 TMDLs for 307 waterbodies
> in the West Fork River Watershed . . . that [i]n response to . . . [SB
> 562], [WVDEP] is developing an alternative methodology for
> interpreting 47 CSR 2–3.2.i which will be used in the future once
> approved." [citation omitted]. By way of further example, in its
> more recent 2014 Section 303(d) List, [WVDEP] described the
> proposed methodology it is developing[, saying]: "[it] will include
> a benthic macroinvertebrate component based upon the best
> available science that when combined with the fish component will
> best identify biological integrity impairments." [citation omitted].
> The Court may also take judicial notice of the fact that, while the
> methodology is still in development, evidence is available to the
> public on [WVDEP]'s website demonstrating that DEP has been
> working on a methodology.

Resp. at 8–9. The above excerpt provides three examples insufficient to support Defendants'
conclusions that WVDEP's deadlines and efforts regarding TMDLs are credible, reasonable, and
"well underway." First, the WVDEP report Defendants point to simply indicates WVDEP is
developing a new assessment tool, and says nothing to make its TMDL deadlines credible or
reasonable and nothing about WVDEP's progress on crafting the new assessment tool. The second
example, WVDEP's promise to include a "benthic macroinvertebrate component" in the new
assessment tool, does not indicate that WVDEP has even begun to work on the promised
component, only that it will eventually be part of the new assessment methodology. Thus, the
statement says nothing to support Defendants' decisions about WVDEP's TMDL deadlines or
efforts. Lastly, Defendants point to information on a public website, but reviewing the website
proffered by Defendants in support of their decisions would be inappropriate because the Court
does not have any administrative record indicating EPA considered the website when it made these
decisions. In short, none of the materials Defendants cite in their Response, on their own, support
the actions Plaintiffs contend warrant supplementing the administrative record.

to develop the new assessment methodology are well underway, despite being behind schedule. Lastly, the record lacks documents supporting EPA's conclusion that EPA could rely on WVDEP's representations in order to meet EPA's own duties under the CWA. A complete administrative record in this case would include all documents EPA relied upon in finding, and those contrary to its finding, that WVDEP's burden under the CWA to establish ionic toxicity TMDLs for certain West Virginia waterbodies was met by WVDEP's proposed deadlines for setting ionic toxicity TMDLs and its efforts at crafting a new assessment tool, as required by SB 562. A complete record would also include documents supporting EPA's conclusion that EPA could rely on WVDEP's representations in order to meet its own duties under the CWA. As such, Defendants must supplement the administrative record with any non-deliberative and unprivileged materials—including correspondence between EPA and WVDEP—EPA relied upon directly or indirectly in deciding: (1) WVDEP's duty under the CWA to submit ionic toxicity TMDLs was satisfied by the state agency's deadlines for developing ionic toxicity TMDLs; (2) development of that methodology is "well underway"; and (3) EPA could rely on WVDEP's representations in order to meet EPA's own duties under the CWA.[3]  Additionally, Defendants must supplement the record with any materials unfavorable to these decisions, even if EPA did not rely on that information in making its final decision. *See Tafas*, 530 F.Supp.2d at 793.[4]

---

[3] If the evidence EPA pointed to in the existing record is all the agency relied upon, the EPA can simply say so. However, if EPA relied on evidence not part of the record in making these decisions, then EPA must supplement the administrative record with that evidence, be it correspondence between EPA and WVDEP or anything else.

[4] Defendants propose that instead of supplementing the record with materials the agency actually considered (or should have considered), the Court permit them to file a "supplemental explanatory statement" explaining their decisions. *See* Resp. at 11. The Court finds that a supplemental explanatory statement prepared by EPA at this time would amount to a post-hoc rationalization of EPA's decisions, and therefore is not appropriate material to make whole the incomplete administrative record here. *See Citizens to Pres. Overton Park, Inc.*, 401 U.S. at 419 (recognizing post hoc rationalizations have been considered an inadequate basis for review and do not constitute

### 3.   Ordering Discovery in the Form of Depositions

Lastly, Plaintiffs ask for discovery—specifically depositions of WVDEP personnel—seeking essentially the same information as that which the Court has required Defendants to add to the administrative record. *See* Pl.'s Mot. to Supp. and for Discov. 1 (seeking depositions regarding WVDEP efforts to comply with SB 562 and reliability of deadlines for ionic toxicity TMDLs in WVDEP's 2014 Section 303(d) List). Plaintiffs rely on Federal Rule of Civil Procedure 56(d) in support of their request for discovery, and the Court assumes without deciding that Rule 56(d) provides a valid basis for Plaintiffs' requested discovery.[5] However, other reasons militate denying at this time Plaintiffs' request for depositions in this administrative review action.

In *Citizens to Preserve Overton Park. v. Volpe*, the Supreme Court indicated that deposing agency officials may sometimes be necessary for effective judicial review of agency action. 401 U.S. at 420. More particularly, district courts may require administrative officials who participated in the challenged decision to give deposition testimony explaining the challenged decision. *Id.* But deposing agency officials during administrative review is "usually to be avoided." *Id.* And

---

the whole record compiled by the agency); *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962) ("The courts may not accept . . . post hoc rationalizations for agency action; [*Sec. & Exch'g. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947)] requires that an agency's [decision] be upheld, if at all, on the same basis articulated . . . by the agency itself"). Defendants' citations to non-binding authority and arguments to the contrary are unpersuasive. *See* Resp. at 11–12.

[5] Federal Rule 56(d) authorizes a court, in the course of deciding a motion for summary judgment, to allow a nonmovant to take discovery, among other things, if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Some authority supports the proposition that district courts may order 56(d) discovery in deciding cross-motions for summary judgment in agency review actions. *See Eugene Burger Mgmt. Corp.*, 192 F.R.D. at 12 (First Circuit noting plaintiff in administrative review action could seek discovery under Rule 56(d)'s predecessor during pending cross motions for summary judgment); *Gerber v. Norton*, 294 F.3d 173, 180 (D.C. Cir. 2002) (noting discovery under Rule 56(d)'s predecessor was warranted in administrative review case to test veracity of affidavit submitted post-complaint).

where administrative findings were made simultaneously with the decision, there must be a strong showing of bad faith or improper behavior before the court can supplement the administrative record by ordering depositions of administrative officials. *Id.*

Plaintiffs argue deposing WVDEP personnel is warranted for two reasons. First, depositions are appropriate in agency inaction cases, as we have here, because agency inaction cases present a greater chance that some extraneous piece of information might be necessary to shed light on the agency's inaction; in short, there are more holes in the administrative record for the parties to identify and plug. Pls.' Mot. to Supp. and for Discov. 2, ECF No. 45 (citing *Sierra Club v. McLerran*, No. 11-1759, 2012 WL 5449681, at *3–*4 (W.D. Wash. Nov. 6, 2012). Second, ordering depositions will permit supplementing the administrative record with background information that will allow the Court to determine whether the agency considered all of the relevant factors in making the challenged decision. Reply at 8. Specifically, Plaintiffs suggest the depositions will uncover information related to WVDEP's efforts at developing a new assessment methodology, as required by SB 562, and information related to the reliability of WVDEP's projected completion dates in the 2014 Section 303(d) List for ionic toxicity TMDLs for the waters at issue. *Id.* This new information would provide background information necessary for determining whether EPA's reliance on WVDEP's assurances of progress in developing a new assessment methodology and on its self-imposed TMDL development deadlines was a reasonable decision. *Id.*

For at least two reasons Plaintiffs have not met their burden of showing depositions are warranted at the current stage of this administrative review action. First, Plaintiffs' request for discovery is cumulative of the record supplementation the Court has ordered above. There is no reason to order both the requested discovery and the above record supplementation at the same

time, since Defendants may supplement the record with all the materials relevant to deciding the cross-motions for summary judgment, including necessary background materials. Therefore, discovery, if warranted in this administrative review action, will not be appropriate until after Defendants have supplemented the administrative record as required above. A request for discovery would only be well taken if after the administrative record is supplemented as ordered, discovery related to EPA's approving parts of WVDEP's 2014 Section 303(d) list still appears necessary.

Second, Plaintiffs have not made the showing *Overton Park* requires before a court may order depositions of agency officials. In administrative review actions, depositions searching for information beyond the administrative record should generally be permitted only where there have been no contemporaneous administrative findings, so that without discovery the record is inadequate for review, and where there has been a strong showing of bad faith or improper behavior by the agency such that without discovery the administrative record cannot be trusted. *See Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 458 (D.C. Cir. 1994) (quotations and citations omitted); *see also Overton Park*, 401 U.S. at 420; *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991) (government decision-makers will not be compelled to testify about reaching a decision unless there is clear showing of misconduct or wrongdoing). Supplementing the record with evidence EPA relied upon in making the challenged decisions, as required earlier in this Order, may reveal findings EPA made simultaneously with its challenged decisions.[6] If EPA made formal findings simultaneously with the challenged decisions, then under *Overton Park*, Plaintiffs would have to make a strong showing of bad faith or improper behavior before the

---

[6] There is no indication EPA made any findings simultaneously with its challenged decisions. But after EPA complies with the above order to supplement the record, it will be clear whether or not such findings exist.

Court could order depositions to supplement the administrative record. *See Overton Park*, 401 U.S. at 420; *see also Eugene Burger Mgmt. Corp. v. U.S. Dep't of Hous. & Urban Dev.*, 192 F.R.D. 1, 12 (D.D.C. 1999).[7] Accordingly, ordering depositions at this time is not warranted under *Overton Park*.

## IV.    Conclusion

For the reasons and to the extent above, the Court **GRANTS** Plaintiffs' motion to supplement the administrative record but **DENIES** the requested discovery. Specifically, the Court **ORDERS**:

- The administrative record is supplemented with exhibits 2 through 5 attached to Plaintiffs' consolidated reply in support of their motion for summary judgment and in response to Defendants' motion for summary judgment, Exs. 2–5, ECF Nos. 44-2 through 44-5;

- Defendants will supplement the administrative record with any non-deliberative and unprivileged materials—including correspondence between EPA and WVDEP—EPA relied upon directly or indirectly in deciding: (1) WVDEP's duty under the CWA to submit ionic toxicity TMDLs was satisfied by the state agency's deadlines for developing ionic toxicity TMDLs; (2) development of that methodology is "well underway"; and (3) EPA could rely on WVDEP's representations in order to meet EPA's own duties under the CWA;

---

[7] The Court notes that *Overton Park* dealt with depositions of officials at the agency that made the challenged decision, while the depositions Plaintiffs seek would examine officials at an agency not party to this action. That distinction may be material, but neither the Supreme Court nor the Fourth Circuit has indicated so. Regardless, the Court looks for instruction in *Overton Park* and other cases interpreting its rule about ordering depositions of agency officials because the rationale of *Overton Park* is implicated here. EPA's challenged decision relied on representations of WVDEP officials who Plaintiffs ask to examine about EPA's challenged decision. Hence, depositions of WVDEP officials is an attempt to probe the decisionmaking of EPA officials, which gives rise to the concerns underlying *Overton Park's* rule about deposing agency officers.

- Defendants must supplement the record with any materials unfavorable to the three decisions above, even if EPA did not rely on that information in making the decisions;

- Plaintiffs' request for discovery in the form of depositions of WVDEP staff is denied;

- Defendants must supplement the administrative record in accordance with this Memorandum Opinion and Order on or before May 24, 2016; and

- The current briefing schedule is amended as follows: Plaintiffs' surreply of ten pages or less, which was due yesterday, is now due within one week after Defendants supplement the administrative record; if Plaintiffs file a surreply, Defendants may respond by filing a memorandum no longer than ten pages within one week after Plaintiffs' surreply; on or before 6/6/2016, EPA shall file with the Court the Joint Appendix; on or before 6/7/2016, the parties shall file final versions of their briefs with citations to the Joint Appendix.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        May 10, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE