IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC.,
SIERRA CLUB,
WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC. and
VIRGINIA RIVERS COALITION,

                Plaintiffs,

v.                                CIVIL ACTION NO.  3:15-0271

ANDREW WHEELER, Administrator,
United States Environmental Protection Agency and
CECIL RODRIGUES, Regional Administrator,
United States Environmental Protection Agency,
Region III,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Hold This Case in Abeyance and Alternative Motion to Extend Deadline for Supplemental Filing. ECF No. 120. For the reasons set forth herein, the Motion to Hold This Case in Abeyance is **DENIED**, and the Alternative Motion to Extend Deadlines for Supplemental Filing is **GRANTED**.

*A. Motion to Hold this Case in Abeyance*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party

against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (citing *Landis*, 299 U.S. at 255).

The sole rationale offered by Defendants to stay the case is the pending appeal of *Sanitary Board of the City of Charleston v. Wheeler, et al.*, No. 18-2385, in the Fourth Circuit. *Mem. Supp. Mot. Stay.*, at 2, ECF No. 121. Defendants argue that staying these proceedings shall conserve judicial resources and ensure a ruling in-line with a potential future precedent.

However, basing a motion to stay on the outcome of similar pending litigation is generally insufficient. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Though Defendants claim that such deferment is routine, they neglect to offer any supporting caselaw. *Defs.' Reply*, p. 1, ECF No. 125.

Furthermore, Defendants fail to offer justification as to why any potential harm to them would outweigh that of the Plaintiffs. Instead, they only attack the prejudice of delay as "illogical, unduly speculative, and potentially prejudicial to others," but do not expound upon that assertion. *Id*. at 2. As a matter of course, this Court shall not postpone the administration of justice on the speculative outcome of a separate case, as delay is inherently prejudicial to all parties wishing to settle a dispute.

With Defendants' absence of any rationale on the matter, Plaintiffs claim that a delay in these matters runs counter to the equitable administration of justice stands unopposed. Here, Plaintiffs are entitled to a timely decision of their request for attorney's fees and costs, regardless of the pendency of other similarly situated litigation. Because Defendants have not met their burden, the Court **DENIES** the motion.

*B. Alternative Motion to Extend Deadlines*

In ruling on a motion to extend deadlines, a district court "may, with good cause," grant the requested extension. FED. R. CIV. P. 6(b)(1); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) (requiring a showing of cause). In their original motion, Defendants offer no rationale as to why an extension is warranted here. It is not until the reply brief that Defendants' counsel asserts the pressure of "other federal court cases . . . , as well as family commitments." *Defs.' Reply*, at 3. Defendants ask "only that [they] be afforded the full two-week period in the Court's original order." *Defs.' Reply*, at 3. The Court is not unsympathetic, the Court notes that Defendants were permitted the full two-week period, which began on May 10, 2019. However, Defendants' request does not appear to be dilatory, thus the Court **GRANTS** the alternative motion. Defendants shall submit their supplemental brief **no later than June 7, 2019**. Plaintiffs may file a response to this supplemental brief **no later than June 14, 2019**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to all counsel of record, and any unrepresented parties.

ENTER: May 24, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE